IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

7:08-CV-48-BO

| | |
|---|---|
| DAVID COOPER, individually and MELINDA COOPER, individually and as guardian of MINOR CHILDREN, JOHN DOE and JANE DOE,<br><br>   Plaintiffs,<br><br>   v.<br><br>BRUNSWICK COUNTY BOARD OF EDUCATION and COLLIS HEWETT,<br><br>   Defendants. | **ORDER** |

This matter is before the Court on Defendant Brunswick County Board of Education's Motion to Dismiss. In connection with the sexual molestation of Plaintiffs' son by Defendant Collis Hewett ("Defendant Hewett"), an employee of Defendant Brunswick County Board of Education ("Defendant Board"), Plaintiffs allege state tort and constitutional claims as well as several federal claims pursuant to the 14th Amendment of the U.S. Constitution, 42 U.S.C. § 1983 and the Americans with Disabilities Act. For the reasons stated below, the Court GRANTS Defendant Board's Motion to Dismiss in part and DENIES Defendant Board's Motion to Dismiss in part.

## BACKGROUND

Plaintiffs' son attended South Brunswick High School. Defendant Board employed Defendant Hewett as a custodian at South Brunswick High School. During the 2005-2006 and

1

2006-2007 school years, Defendant Hewett repeatedly sexually molested Plaintiffs' son. Defendant Hewett would remove Plaintiffs' son from class with written permission obtained from the school's main office for the purpose of sexually abusing him. Teachers never prevented Defendant Hewett from removing Plaintiffs' son from the classroom. The sexual molestation was discovered when surveillance video captured Defendant Hewett taking Plaintiffs' son into a custodial closet. Defendant Hewett was charged with seven counts of indecent liberties with a child and seven counts of sex offense, to which he pled guilty and is currently incarcerated.

On March 10, 2008, Plaintiffs filed this action in Brunswick County Superior Court against Defendant Board and Defendant Hewett. Plaintiffs allege federal civil rights claims under 42 U.S.C. § 1983 and other federal claims and various state claims arising out of state substantive tort and contract law and the state constitution. Defendant Board removed the case to this Court on grounds that the complaint alleged several federal questions. On April 30, 2008, Defendant Board filed this Motion to Dismiss. On March 26, 2009, the Court held a hearing on the motion. The Court now finds that only the federal civil rights claims have merit and survive the motion to dismiss.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Though specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly,* 125 S.Ct. 1955, 1965 (2007). If the

factual allegations to not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Id.* at 1973.

I.  42 U.S.C. § 1983

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* at 271 (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Baker v. McCollan*, supra, at 140).

Plaintiffs allege Defendant Board infringed upon their son's civil rights under the 14th Amendment in violation of 42 U.S.C. § 1983 when Defendant Board (1) failed to ensure students were free from sexual assaults, (2) deprived him from receiving educational services when the custodian was allowed to remove him from class, and (3) failed to supervise an open and safe environment for educational services.

The law clearly recognizes liability under 42 U.S.C. § 1983 for sexual molestation or excessive punishment exacted on a school student by a public school employee. *See, e.g., Ingraham v. Wright*, 430 U.S. 651, 674, (1977) (holding that where school officials deliberately decide to punish student by restraining liberty and exacting appreciable physical pain the Fourteenth Amendment is implicated); *Doe v. Taylor Indep. Sch. Dist.*, 975 F.2d 137 (5th Cir. 1992) (noting that the Constitution proscribes public school teachers from sexually molesting students), cert. denied, 113 S. Ct. 1066 (1993), en banc reh'g granted, 987 F.2d 231 (5th Cir. 1993); *Accord D.T. v. Independent Sch. Dist. No. 16*, 894 F.2d 1176 (10th Cir. 1990); *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720 (3rd Cir. 1989). Here, Plaintiffs allege Defendant

3

Board adopted and maintained a practice, custom or policy of deliberate indifference to the constitutional rights of their son when they granted permission to Defendant Hewett to repeatedly remove their son from class, and as a consequence, their son was sexually molested.

In addition, the law also recognizes a property interest protected under the 14th Amendment in educational benefits temporarily denied . *Goss v. Lopez*, 419 U.S. 565, 576 (1975)(holding Due Process Clause applied because suspensions from school deprived students of a property interest in educational benefits); *Stevenson v. Martin County Bd. Of Educ.*, 3 Fed. Appx. 25, 29 (4th Cir. 2001)(recognizing student's property interest in a public education is triggered when school official suspend a student); *Laney v. Farley*, 501 F.3d 577, 581 (6th Cir. 2007). Here, Plaintiffs allege that Defendant Board sanctioned the removal of their son from class and, as a result, temporarily denied him educational benefits.

Plaintiff also allege Defendant Board failed to supervise an open and safe environment for educational services. The law also recognizes that "in certain limited circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals." *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). The Fourth Circuit has recognized that "no special relationship" exists between a school and its students so as to trigger the protections of the Due Process Clause because the student is not in physical custody and is able to care for his basic human needs. *Stevenson v. Martin County Bd. Of Educ.*, 3 Fed. Appx. 25, 31 (4th Cir. 2001). However, a state may be liable for acts of a third party when the state itself creates the danger. *Id.* at 31. "When the state itself creates the dangerous situation that resulted in a victim's injury, the absence of a custodial relationship may not be dispositive. In such instances, the state is not merely accused of a failure to act; it

4

becomes much more akin to an actor itself directly causing harm to the injured party. At most, these cases stand for the proposition that state actors may not disclaim liability when they themselves throw others to the lions. They do not, by contrast, entitle persons who rely on promises of aid to some greater degree of protection from lions at large." *Pinder v. Johnson*, 54 F.3d 1169, 1177 (4th Cir. 1995)(internal quotations and citations omitted). *Stevenson v. Martin County Bd. Of Educ.*, 3 Fed. Appx. 25, 31 (4th Cir. 2001)("the state must take some affirmative steps. Liability does not arise when the state stands by and does nothing in the face of danger. Failing to provide protection from danger does not implicate the state in the harm caused by third parties.").

Here, Plaintiffs allege Defendant Board had a duty to protect Plaintiffs' son and failed to do so. Plaintiffs allege that school officials allowed Defendant Hewett to repeatedly remove the child from class with written permission obtained from the school's main office and, as a result, failed to protect him from a danger they created. The alleged written permission to remove a disabled child from class meets the Fourth Circuit's standard for imposing affirmative duties to protect and care for particular individuals upon the Defendant Board insofar as the Defendant Board created the danger in question.

It remains to be seen whether Plaintiffs can prove their alleged claims. However, further consideration of these matters, after development of the factual record, on summary judgement or at trial, would be more appropriate. Plaintiffs have alleged facts upon which relief may be granted pursuant to 42 U.S.C. § 1983.

Defendant Board's Motion to Dismiss with respect to Plaintiffs' claims under 42 U.S.C. § 1983 is DENIED.

5

II.  State Law Tort Claims and Governmental Immunity

Plaintiffs allege (1) intentional infliction of emotional distress, (2) negligent infliction emotional distress, (3) negligent supervision and retention, and (4) assault and battery. "A county or city board of education is a governmental agency and its employees are not ordinarily liable in a tort action unless the board has waived its sovereign immunity." *Herring v. Liner*, 163 N.C. App. 534, 537 (N.C. Ct. App. 2004) (citations omitted). *Craig v. New Hanover County Bd. of Educ.*, 548 S.E.2d 923, 924 (N.C. Ct. App. 2007). This immunity may be waived pursuant to N.C. Gen. Stat. § 115C-42, which states, "Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort."

Defendant Board has not waived its governmental immunity with respect to the tort claims asserted by Plaintiffs. Defendant Board participates in the North Carolina School Board Trust (NCSBT) and has entered into coverage agreements with the NCSBT. Pursuant to the coverage agreements entered into by Defendant Board with the NCSBT, Defendant Board is provided coverage for claims up to $150,000 or greater than $850,000. North Carolina courts have held that participation in such trusts and entry into similar coverage agreements do not constitute a purchase of insurance when the Trust is neither a licensed or authorized insurer, nor a qualified insurer within the purview of N.C. Gen. Stat. § 115C-42. *Lucas v. Swain Co. Bd. of Educ.*, 154 N.C. App. 357, 365 (N.C. Ct. App. 2002); *Craig*, 548 S.E.2d at 925 (concluding that the purchase of insurance through NCSBT does not constitute waiver because NCSBT does not qualify as liability insurance under the definition given in N.C. Gen. Stat. § 115C-42). The record provides NCSBT is not duly licensed and authorized to execute insurance contracts in

6

North Carolina. (Def.'s Motion to Dismiss, Aff. of Edward Dunlap, Jr., Ex. A at 2). In addition, the excess insurance coverage provided for claims greater than $850,000 specifically excludes claims arising out "sexual acts, sexual molestation, sexual harassment, sexual assault, or sexual misconduct of any kind." (Def.'s Motion to Dismiss, Multi-Line Reinsurance Agreement, Ex. B at 4, ¶ q). This exclusion explicitly applies to any claim relating to "negligent hiring, negligent retention and/or negligent supervision." *Id.*

Defendant Board has not waived governmental immunity with respect to Plaintiffs' tort claims relating to sexual molestation of Plaintiffs' son. Plaintiffs have not argued for any other tort claim that may fall outside the scope of the exclusionary language of the excess insurance coverage. Accordingly, Plaintiffs' state law tort claims against Defendant Board are DISMISSED.

III.    Claim arising under North Carolina Constitution and Adequate State Remedy

Plaintiffs allege Defendant Board violated the their son's right to an education under the North Carolina Constitution. A claim under the North Carolina Constitution is only available in the absence of an adequate state remedy. *Corum v. University of North Carolina*, 330 N.C. 761, 782 (N.C. 1992). Generally, if tort claims vindicating the same rights as alleged by a plaintiff's constitutional claims are available, that plaintiff's constitutional claims are barred and should be dismissed. *Id.* at 782.

Under North Carolina law, a state law remedy is "adequate" if it is "available, existing, applicable remedy." *Iglesias v. Wolford*, 539 F. Supp.2d 831, 838 (E.D.N.C. 2008)(citing *Craig ex rel. Craig v. New Hanover County Bd. of Educ.*, 648 S.E.2d 923, 927 (N.C. App. 2007). A state law remedy is adequate when, "if successful, [it] would have compensated [a plaintiff] for

the same injury he claims in his direct constitutional action." *Rousselo v. Starling,* 128 N.C. App. 439, 447 (N.C. Ct. App. 1998). "[T]he existence of an adequate alternate remedy is premised on whether there is a remedy available to plaintiff for the violation, not on whether there is a right to obtain that remedy from the State in a common law tort action." *Id.* at 448. That is, a state-law remedy is still "adequate" notwithstanding that a plaintiff could not use it to sue his preferred defendant. *Iglesias,* 539 F. Supp.2d at 839 (citing *Rousselo,* 128 N.C. App. at 448).

Here, Plaintiffs allege Defendant Board infringed upon their son's constitutional right to the privilege of education. Assault and battery is an adequate state remedy for injuries caused by an employee of the school board's sexual molestation of a student. *Thomas v. Sellers,* 142 N.C. App. 310, 315 (N.C. Ct. App. 2001); *Glenn-Robinson v. Acker,* 140 N.C. App. 606, 628 (N.C. Ct. App. 2000). Negligent supervision and retention of employees is an adequate state remedy for general negligence claims against employers under a theory of respondeat superior liability. *Prior v. Pruett,* 143 N.C. App. 612, 621-622 (N.C. Ct. App. 2001); *Kling v. Harris Teeter Inc.,* 338 F. Supp. 2d 667, 678 (W.D.N.C. 2002); *aff'd per curiam* 86 Fed. Appx. 662 (4th Cir. 2004)(unpublished). In light of the availability of such state law remedies, Plaintiffs' claim under the North Carolina Constitution is barred.

Plaintiffs' claim under the North Carolina Constitution is DISMISSED.

IV.   Breach of Contract

To state a claim for breach of contract, the complaint must allege (1) that a valid contract existed between the parties, (2) that defendant breached the terms thereof, (3) the facts constituting the breach, and (4) that damages resulted from such breach. *RGK, Inc. v. Guaranty Co.,* 292 N.C. 668, 675 (N.C. 1977); *Cantrell v. Woodhill Enterprises, Inc.,* 273 N.C. 490, 497

8

(N.C. 1968).

Here, Plaintiffs allege (1) that a contract existed between Defendants and NCSBT, of which they were an intended third-party beneficiary, (2) that Defendants breached the terms of the contract, and (3) that they suffered damages as a result of the Defendants' breach. Plaintiffs allege the breach occurred when Plaintiffs made claims against the Defendant Board and Defendant Board refused to pay those claims. However, Plaintiffs have failed to allege facts implicating any terms of the contract which would impose such an obligation upon Defendant Board. Under the terms of the contract, damages, which the NCSBT would be obligated to pay arising from a claim, are defined as "a monetary judgment (including pre-judgment and post-judgment interest awarded on any monetary judgment pursuant to North Carolina statutory law) or a monetary settlement agreed to by the Fund." (Defs.'s Motion to Dismiss, Trust Fund Coverage Agreement, Ex. A at 3). Plaintiffs simply making a claim against Defendants creates no affirmative duty to pay damages to Plaintiffs. Plaintiffs have failed to allege facts constituting the breach of contract.

Plaintiffs' breach of contract claim is DISMISSED.

V. Equal Protection and Due Process Claims

Plaintiffs allege that by invoking the doctrine of immunity, Defendant Board has violated their equal protection and due process rights under the North Carolina Constitution and the United States Constitution. In *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001), the Fourth Circuit stated that "to succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once

9

Case 7:08-cv-00048-BO   Document 21   Filed 05/26/09   Page 9 of 11

this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Williams v. Hansen*, 326 F.3d 569, 576 (4th Cir. 2003). Plaintiffs have not demonstrated that they have been treated differently from other similarly situated litigants and that any unequal treatment was the result of intentional discrimination.

With respect to Plaintiffs' Due Process claims as they relate to Defendant Board's invoking an immunity defense, Plaintiffs have failed to identify a violation of any right guaranteed by substantive due process. The right to not face a defense of governmental immunity when instituting tort claims against a governmental entity is not a right imbedded in substantive due process.

Plaintiffs' equal protection and due process claims are DISMISSED.

VI.     Americans with Disabilities Act

Plaintiffs also allege a violation of their son's rights under the Americans with Disabilities Act (the "ADA"). Defendants move to dismiss Plaintiffs' claim, contending that the statute of limitations has expired. The statute of limitations for ADA claims regarding any complaint other than those regarding employment discrimination is two years after the date on which the plaintiff became aware of the alleged discriminatory conduct. *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 132 (4th Cir.1994); *Stroud v. Harrison*, 131 N.C. App. 480, 486 (N.C. App. 1998)(concluding that N.C. Gen. Stat. § 168A is analogous to the ADA); N.C. Gen. Stat. § 168A-12 (2008). Plaintiffs' ADA claim is timely. They became aware of the discrimination in September 2006, when it became known that the sexual molestation had occurred. They filed their claim on March 10, 2008, within two years of discovering the alleged

10

discriminatory conduct.

Defendants also move to dismiss Plaintiffs' ADA claim pursuant to Fed. R. Pro. 12(b)(6). Under the ADA, a plaintiff seeking recovery under the statute must allege that (1) he has a disability; (2) he is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) he was excluded from the participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of his disability. *Spencer v. Earley*, 278 Fed. Appx. 254, 261 (4th Cir. 2008).

Plaintiffs have failed to allege enough facts to state a claim to relief under the ADA. Even when viewing Plaintiffs' factual allegations in the most favorable light, the Court cannot conclude that Plaintiff's alleged disability had anything to do with the school allegedly allowing the student to be removed from class.

Plaintiffs' claim under the ADA is DISMISSED.

## CONCLUSION

Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

SO ORDERED.

This __24__ day of May, 2009.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

11

Case 7:08-cv-00048-BO   Document 21   Filed 05/26/09   Page 11 of 11